UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIA ABARCA SEPULVEDA,

Petitioner,

v. Case No. 3:26-cv-1951-MMH-LLL

WARDEN, FLAGLER COUNTY DETENTION CENTER, et al.,

Respondents.

---

# TEMPORARY RESTRAINING ORDER

Petitioner Maria Abarca Sepulveda, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on July 30, 2026. Sepulveda argues that she is not subject to mandatory detention and is entitled to a bond hearing. See generally id. As relief, she asks the Court to direct Respondents to provide her with an individualized bond hearing or, in the alternative, release her. Id. at 17–18.

Along with her Petition, Sepulveda has filed an Emergency Motion for Temporary Restraining Order (Doc. 2; Motion). In the Motion, she asks the

Court to enjoin Respondents from transferring her outside of this Court's jurisdiction during the pendency of this case.[1] Id. at 9.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish

---

[1] The Court notes that while Sepulveda seeks entry only of a temporary restraining order; she also requests that the Court enjoin Respondents from transferring her outside the jurisdiction of the Court while this matter is pending. A temporary restraining order, which is issued without notice, ordinarily grants relief for no more than 14 days. See Fed. R. Civ. P. 65(b)(2). Given that the relief Sepulveda seeks will extend beyond the 14 days, the Court construes the Motion as seeking entry of a preliminary injunction as well.

the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Upon review of the record, the Court finds that Sepulveda has shown a substantial likelihood of success on her claim that her mandatory detention is unlawful. And considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Sepulveda's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case. If she is ultimately granted the relief she seeks (release from ICE custody), she may incur costs and potentially face difficulties in returning home. The exigency of Sepulveda's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Sepulveda from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Sepulveda provide security

under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is **ORDERED**:

1. Sepulveda's Emergency Motion for Temporary Restraining Order (Doc. 2) is **GRANTED**. Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Sepulveda from the Middle District of Florida up to and including **August 14, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived.

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus (Doc. 1), the Motion (Doc. 2), and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3. Sepulveda's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 2), and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

4. Upon consideration of the file, the Court will consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits. See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, by **August 5, 2026**, Respondents shall respond to the construed request for a preliminary injunction and show cause why the Petition should not be granted.

5. After Respondents file a response, Sepulveda shall file a reply to Respondents' response by **August 10, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of July, 2026, at 11:00 a.m.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 7/31
c:
Counsel of record
U.S. Attorney's Office secondary email (OPLAORLFEDLIT@ice.dhs.gov)