UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIA ABARCA SEPULVEDA,

Petitioner,

v. Case No. 3:26-cv-1951-MMH-LLL

WARDEN, FLAGLER COUNTY DETENTION CENTER, et al.,

Respondents.

# ORDER

## I. Status

Petitioner Maria Abarca Sepulveda, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on July 30, 2026.[1] Respondents filed an Opposition to Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction (Doc. 6) with exhibits (Docs. 6-1 through 6-3). Sepulveda replied (Doc. 7). The Court then directed supplemental briefing. See Order (Doc. 8). Respondents filed a Supplemental

[1] Sepulveda also filed an Emergency Motion for Temporary Restraining Order (Doc. 2). On July 31, 2026, the Court granted Sepulveda's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through August 14, 2026. See Temporary Restraining Order (Doc. 5). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id. The Court subsequently extended the TRO through August 27, 2026. See Order (Doc. 8).

Opposition to Petition for Writ of Habeas Corpus (Doc. 9) with exhibits (Docs. 9-1 through 9-4). Sepulveda failed to reply.

## II. Background

Sepulveda, a citizen of Chile, entered the United States through the Visa Waiver Program on November 31, 2022. Doc. 6-1 at 2. Sepulveda subsequently applied for asylum; her application remains pending. Id.; see also Doc. 9-4 at 1–2. On July 6, 2026, United States Immigration and Customs Enforcement detained Sepulveda. Doc. 6-1 at 2. The crux of Sepulveda's Petition is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b), and therefore, she is entitled to a bond hearing. Doc. 1 at 13–15. As relief, she requests an individualized bonding or, in the alternative, immediate release. Id. at 17–18.

## III. Exhaustion

In their Supplemental Response, Respondents recognize that Sepulveda is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). See Doc. 9 at 1–2. Nevertheless, Respondents argue that Sepulveda has not exhausted her administrative remedies, and therefore, they ask the Court to dismiss her Petition. Id. at 4–6.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Sepulveda has failed to exhaust her administrative remedies because she has not requested a bond redetermination before an immigration judge. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Sepulveda filed the Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Sepulveda, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be

futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Sepulveda's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Sepulveda's construed request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/26
c:
Counsel of Record